**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**


IVORY PURIFOY                                                    PETITIONER


VS.                              CASE NO. 5:14CV00242 BSM/HDY


RAY HOBBS, Director of the
Arkansas Department of Correction                    RESPONDENT


### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.    Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Ivory Purifoy seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254.  Mr. Purifoy is currently in the custody of the Arkansas Department of Correction (ADC).  In 1996, Mr. Purifoy entered guilty pleas in Pulaski County Circuit Court to the charges of first-degree murder, residential burglary, and two counts of aggravated robbery.  He was sentenced to 720 months' imprisonment. Having entered guilty pleas, a direct appeal was unavailable.  He did not file a petition for postconviction relief pursuant to Rule 37.  In May of 2012, Mr. Purifoy filed a petition to correct an illegal sentence, claiming he was unaware of the amount of time he would be required to serve, that a factual basis for his guilty pleas was not established, and that he received ineffective assistance of counsel.  On August 10, 2012, the trial court denied the petition as untimely.  An appeal was dismissed by the Arkansas Supreme Court on January 31, 2013.  *Purifoy v. State*, 2013 Ark. 26.      On July 14, 2014, Mr. Purifoy filed his petition for federal habeas corpus relief advancing the following claims for relief:

1. He was denied his right to a jury trial;

2. His sentence was illegally imposed;

3. There was an abuse of discretion when the terms of his plea agreement were breached; and

4. He was denied the effective assistance of counsel in postconviction proceedings.

Respondent contends that the statute of limitations bars consideration of these claims.  By

Order dated August 13, 2014, the petitioner was notified of his opportunity to explain why the petition should not be dismissed.  He has filed a responsive pleading.  Docket entry no. 13.  We first consider if the petition for writ of habeas corpus is properly before the Court.

**Statute of Limitations:**  Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that for Mr. Purifoy should have filed his federal habeas corpus petition on or before October 30, 1997, within one year after the petitioner entered his guilty pleas.  The petition was filed more than sixteen years after the limitations period began to run.  Thus, the respondent urges that the petitioner's  failure to act sooner is fatal to the petition.

Mr. Purifoy, in his responsive pleading, offers several reasons why his petition should not be dismissed as time-barred.  He claims he was lulled into inaction when the trial court failed to inform him of the difference between a direct appeal and a Rule 37 appeal, that he was "illegally thwarted" from pursuing federal habeas corpus relief, and that he could not have raised ground 4 until the recent cases of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013).  He also alleges that his petition should be deemed timely because it was filed within

3

one year after the decision in *Sasser v. Hobbs*, 735 F.3d 833 (8ᵗʰ Cir. 2013), a case which commented on the application of *Martinez* and *Trevino*. We will consider these assertions and how the limitations period may be affected.

> The failure to file a timely petition can be excused under some circumstances:
>
> > Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted).*

*Maghee v. Ault*, 410 F.3d 473, 476 (8ᵗʰ Cir. 2005).

> First, Mr. Purifoy contends the trial court lulled him into inaction by neglecting to inform him of the difference between a direct appeal and a Rule 37 appeal. This argument fails. The petitioner does not cite authority to suggest a trial court is constitutionally required to provide such an explanation. The contention of Mr. Purifoy is misplaced, in any event, since the emphasis is on any barriers preventing Mr. Purifoy from filing a timely federal habeas corpus petition, rather than a Rule 37 petition in state court. Our inquiry is focused on any external factor which impeded Mr. Purifoy from filing his petition with this Court on or before October 30, 1997. He does not establish any state court obstruction to his ability to initiate his case in this Court.

> Mr. Purifoy next urges that he was "thwarted" from pursuing federal habeas corpus relief. However, it is insufficient to simply allege some circumstance that caused a petitioner to be late in filing a federal habeas corpus petition. It is incumbent upon the petitioner to show exactly how he was prevented from filing his federal action. When a petitioner has failed by more than sixteen years to heed the filing deadline, conclusory allegations do not fit into the "exceedingly narrow window of relief" required to invoke equitable tolling. *Maghee v. Ault*, 410 F.3d at 476.

> Mr. Purifoy next argues that his fourth ground was not available until recently, after the decisions rendered in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). This is a misreading of those cases, as the cases do not establish a new, freestanding claim

for habeas corpus relief.  Instead, those cases address the issue of whether there are circumstances where certain habeas claims may be advanced when those claims would otherwise be procedurally barred from consideration.  The respondent has not raised the issue of procedural bar in this case. There is no merit to the petitioner's argument that ground 4 is either a freestanding claim for relief, or that raising ground 4 equitably tolls the limitations period.

Finally, Mr. Purifoy alleges that his petition should be deemed timely because it was filed within one year after the decision in *Sasser v. Hobbs*, 735 F.3d 833 (8th Cir. 2013), a case which commented on the application of *Martinez* and *Trevino*.  The *Sasser, Trevino*, and *Martinez* cases, however, have no relevance in a discussion of the limitations period.  Rather, any relevance of those cases would occur in the context of "cause" for a procedural default.  *See Henderson v. Hobbs*, 2012 WL 4049222, Eastern District of Arkansas, August 29, 2012 ("The *Martinez* Court did not create, however, a new ground for equitable tolling of the statute of limitations.").  As previously noted, these cases did not create a new claim for habeas corpus relief.  Rather, they may provide an avenue to addressing the merits of other habeas claims.  There is no merit to these cases providing relief to a petitioner who fails to timely file his federal habeas petition.

In summary, the petition for writ of habeas corpus was filed with this Court more than sixteen  years after it should have been.  The petitioner fails to plead or prove any reason why the limitations period should have been tolled.  As a result, we recommend the petition be dismissed as untimely.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __12__ day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE